

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-6016
Re: Article 664, V.A.C.S., does
not apply to property under
the control of either the
Austin State Hospital or
the Austin State School.

We are in receipt of your recent request for an opinion, in which you quote Article 666, V.A.C.S., in connection with the following facts:

"This Department is in receipt of a letter from the Board of Control dated May 3, 1944, which reads in part as follows:

'This is to notify you that the Board of Control has approved the transfer of 500 surplus used wool blankets from the Austin State Hospital to the Austin State School at a fair market value of 50¢ each or $250.00.

'You are hereby requested to kindly debit Austin State School Appropriation E-654 in the amount of $250.00 and credit Austin State Hospital Appropriation E-643 in the amount of $250.00.'

"The Austin State Hospital has acquired these 500 surplus wool blankets over a period covering several past fiscal years.

"The Appropriation mentioned in the letter by the Board of Control to this department as E-654 and E-643 are Appropriation Numbers for these institutions for the current fiscal year. In attempting to make this transfer, the question arises as to what is meant by debit and credit as set out in the statute.

"Does it mean a debit and credit of property, or debit and credit by appropriation? If it means a debit and credit by Appropriation, then is this department authorized to debit a prior appropriation and credit a current appropriation where the property was acquired through a prior appropriation either from sale or from transfer of property? In other words, if property acquired by a department, say ten years ago, and transferred to another department currently, is the current appropriation subject to a credit?

"If the current appropriation is credited with the proceeds derived from the sale of property such as set out in the statute, would it violate the provisions in the present Appropriation Bill which prohibit supplementing the specific appropriation?

"The further question arises in the application of the language in the above statute to a sale made of property originally purchased from a constitutional fund or a special fund, and the proceeds derived therefrom are to be placed in the General Revenue. Is this department authorized to place in the General Revenue moneys received from the sale of a commodity originally purchased from a special fund; for example, an automobile purchased by the Highway Fund, even though said automobile was purchased a number of years ago?

"In connection with this letter you are advised that the Comptroller's Department keeps no property accounts of other departments."

As Article 666, V.A.C.S., by its own terms excepts State eleemosynary institutions from its provisions, it would not apply to property under the control of either the Austin State Hospital or the Austin State School.

However, Article 640, V.A.C.S., provides as follows:

"When any institution accumulates an amount of supplies on hand in excess of its needs, and another institution is in need of such supplies, the Board shall be authorized to transfer any of such supplies

from the institution having such excess to such institution in need of such supplies, and the debit and credit shall be made on the basis that such supplies can be purchased in the open market at the time of the transfer, when it is less than the cost under the general contract for such supplies for the fiscal year, otherwise the debit and credit shall be made on the basis of the general contract price for that year."

We believe the wool blankets in question would properly come under the classification of "supplies" as that term is used in said Article 640, supra, and that such article applies to your situation.

Your question as to what is meant by debit and credit in Article 666, V.A.C.S., is also apropo in regard to Art. 640, supra. We believe our Opinion No. 0-6049, a copy of which is herewith enclosed, which explains the procedure to be followed in regard to transfers of property under the terms of Art. 666, V.A.C.S., i. e.: debiting the current appropriation of the department to which the property was transferred, also reflects the proper method of handling the debits and credits as provided in Art. 640, supra. The appropriation of the institution or department that relinquised its control over such supplies, or property would not be subject to any credit, but such institution or department would be entitled to a property credit on the inventory record kept by the State Board of Control.

We therefore advise you that your sole duty in connection with the particular transaction inquired about is to debit Austin State School appropriation E-654 in the amount of $250.00.

You further ask, in regard to Art. 666, V.A.C.S., whether the proceeds of cash sales of property purchased with special or constitutional funds should be deposited in the general fund. Art. 666 on this point is clear. Said article provides:

"The money from the sale of such property, less the expense of advertising the sale, shall be deposited in the State Treasury to the credit of the General Revenue Fund."

The broad language of the statute covers all State property, with the exception of that under the control of State eleemosynary institutions, colleges, and institutions of higher learning, regardless of the funds from which it may have been purchased.

We are herewith returning your file submitted with your request for an opinion.

Trusting this satisfactorily answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   (s) Robert L. Lattimore, Jr.
Assistant.

RLL:rt:mg
Encl.

APPROVED: July 3, 1944                    APPROVED:
Geo. P. Blackburn (s)                     OPINION COMMITTEE
(Acting) ATTORNEY GENERAL OF TEXAS        By G.W.B.   (s)
                                          Chairman